# IN THE MATTER OF STAN MORSE CHARGED WITH CONTEMPT OF COURT PURSUANT TO RULE 1:10–2 *ET SEQ.*

Superior Court of New Jersey
Appellate Division

Submitted December 6, 1977—Decided March 10, 1978.

Before Judges MATTHEWS, CRANE and ANTELL.

*Mr. Dennis Alan Cipriano,* attorney for appellant.

*Mr. Peter G. Stewart,* Essex County Counsel, attorney for respondent (*Mr. Charles P. Cohen,* Assistant Essex County Counsel, of counsel).

PER CURIAM. Appellant Stanley F. Friedman, Esq., was the court-appointed prosecutor of Stan Morse in a contempt proceeding. He appeals from the denial of counsel fees (and expenses) by the trial judge.

During the trial of one Miller for murder, the trial judge learned from the assistant prosecutor that one of the State's witnesses had apparently been threatened by Stan Morse who was a defendant in another matter scheduled to be heard before the same judge. Morse's attorney, Assistant Public Defender Timothy Weeks, was present. When the judge learned of the alleged threats he appointed appellant to prosecute Morse for contempt, stating:

Under Rule 1:10–4 this proceeding may be prosecuted on behalf of the Court only by the Attorney General or County Prosecutor or where the Court for good cause, designates an attorney and then by the attorney so designated. It seems to me inappropriate under the circumstances to designate the County Prosecutor and I will designate my former law secretary, Stanley Friedman, who should be familiar with these matters, unless there is some objection.

After successfully prosecuting Morse, Friedman applied on October 8, 1976 for counsel fees and expenses. On No-

vember 5, 1976 the judge who tried the contempt denied the application.

R. 1 :10–4 provides, in pertinent part:

> A proceeding under R. 1 :10–2 [proceeding to punish for contempt] may be prosecuted on behalf of the court only by the Attorney General, the County Prosecutor of the county, or where the court for good cause designates an attorney, then by the attorney so designated.

This section was added by a 1971 amendment, apparently in response to a decision of this court in *East Brunswick Bd. of Ed. v. East Brunswick Ed. Ass'n,* 113 *N. J. Super.* 268 (App. Div. 1971), where compensation was denied an attorney who had been designated to prosecute a contempt case. In that case the court found no authority in *R.* 1 :10 or in the statutory or case law for compensation of designated attorneys and the court suggested that *R.* 1 :10 be amended so that the Attorney General or prosecutor would prosecute such cases and the problem of fees would be avoided. 113 *N. J. Super.* at 270–271. *Pressler, Current New Jersey Court Rules,* Comment, *R.* 1 :10.

 We do not construe this rule to require payment to designated attorneys. It has long been regarded as an attorney's duty to donate certain services necessary to the legal system unless such obligations become unreasonable or too burdensome. *State in the Interest of Antini,* 53 *N. J.* 488, 494–495 (1969) ; Annotation, 21 *A. L. R.* 3d 819 (1968) ; *State v. Rush,* 46 *N. J.* 399, 404–408, 410 (1966) ; *State v. Corey,* 117 *N. J. Super.* 296 (Law Div. 1971), aff'd *sub nom. In the Matter of Esther S. Frankel,* 119 *N. J. Super.* 579 (App. Div. 1972), *cert.* den. 409 *U. S.* 1125, 93 *S. Ct.* 939, 35 *L. Ed.* 2d 257 (1973).

 We believe, however, that counsel should be reimbursed for all reasonable out-of-pocket expenses. *Pressler, Current New Jersey Court Rules, Comment, R.* 1 :10. In *State v. Horton,* 34 *N. J.* 518, 534–535 (1961), where the court was asked to decide on reasonable compensation and

reimbursement for attorneys who had been assigned to represent an indigent accused of murder (*N. J. S. A.* 2A:163–1), the court limited reimbursement to expenses which are not normally part of office overhead. Costs of secretarial services, local telephone calls, supplies and postage were not considered reimbursable, but costs of travel beyond the locality and telephone toll calls were to be reimbursed. These reimbursement guidelines are to apply to attorneys who are assigned to represent indigents in nonmurder cases as well. 34 *N. J.* at 535.

Friedman itemized $49 of unreimbursed expenses, $4 of which is for xeroxing and postage charges and $45 of which is for payment of a process server. We conclude that amount to be reimbursable.

As modified herein, the judgment of the Law Division is affirmed.